(No. 81-CV-0398-)

*In re* APPLICATION OF RALPH PETERS.

*Order filed July 1, 1981.*

JOHN TOWER, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on March 8, 1979. Ralph Peters, husband of the deceased victim, Myrtle Peters, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This court has carefully considered the application for benefits submitted on November 7, 1980, on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on March 8, 1979, the victim was pushed to the ground by an unknown offender who took her purse. The incident occurred on the front steps of her home at 710 Whitney Boulevard, Belvidere, Illinois. The victim was taken to St. Joseph's Hospital where she was treated for a fractured pelvis and multiple bruises that she sustained during the incident. The victim was discharged from the hospital on April 11, 1979.

In July of 1979, the victim began receiving treatment for a condition diagnosed as a pelvic mass. After surgery to remove this mass, a pathological examination revealed it to be adenocarcinoma consistent with recurrent carcinoma of the endometrium, a condition she had previously. The victim received treatment for this condition until her death on February 28, 1980. The cause of death listed on the medical certificate by the victim's physician, Dr. Earl Davis, was adenocarcinomatosis of the intestine and the approximate interval between onset and death is shown as three months. An additional cause of death is listed as endometrial adenocarcinoma and the interval between onset and death is shown as five months.

2. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence of one of the violent crimes specifically set forth under section 2(c) of the Act.

3. That the Claimant alleges that the victim's death was the result of the injuries she suffered in the incident.

He is seeking compensation for medical/hospital expenses that the victim incurred from the date of the incident until her death. Additionally, he seeks compensation of funeral and burial expenses.

4. That statements from the victim's treating physicians and the medical certificate of death fail to substantiate that the victim's carcinoma and death were a result of the injuries she sustained in the incident. Therefore, the Claimant is not eligible for compensation of medical expenses arising from the victim's carcinoma and her funeral and burial expenses.

5. That although payment by the victim of specific medical expenses related to the original hospitalization might have constituted a compensable expense under the Crime Victims Compensation Act, the subsequent death of the victim renders the claim moot.

6. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered, that this claim be, and is hereby denied.